IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA JIMENEZ, | § | |
|     *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:22-CV-1165 |
| | § | |
| LOWE'S COMPANIES, INC., D/B/A | § | |
| LOWE'S HOME IMPROVEMENT | § | |
|     *Defendant*. | § | |

**DEFENDANT'S NOTICE OF REMOVAL AND REQUEST TO PROCEED WITHOUT LOCAL COUNSEL**

Defendant Lowe's Companies, Inc. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, requests leave to proceed without local counsel, and respectfully shows:

### I.    Commencement and Service

1. On March 30, 2022, Virginia Jimenez ("Plaintiff") commenced this action by filing an Original Petition ("State Court Petition") in the 95th Judicial District Court of Dallas County, Texas. The case is styled Cause No. DC-22-03514, *Virginia Jimenez v. Lowe's Companies, Inc., d/b/a Lowe's Home Improvement*.[1]

2. The State Court Petition was first served on Defendant on April 28, 2022.[2]

3. On May 20, 2022, Defendant timely filed an answer subject to and concurrently with a motion to transfer venue to Collin County.[3]

---

[1]     See **Exhibit C**, Plaintiff's Original Petition.
[2]     See **Exhibit E**, Return of Service and Affidavit.

4. This Notice of Removal is filed within thirty days of the receipt of service of process and is therefore timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II. Grounds for Removal

5. Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III. Diversity of Citizenship

6. There is complete diversity of citizenship between Plaintiff and Defendant.

7. Plaintiff is a citizen and resident of Texas.[4]

8. It is undisputed that Defendant Lowe's Companies, Inc. is a foreign corporation.[5] As Plaintiff admits in her own pleadings, Lowe's Companies, Inc. is incorporated in North Carolina and maintains its principal place of business in Mooresville, North Carolina.[6] For purposes of determining diversity of citizenship, a corporation is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

---

[3] See **Exhibit F,** Defendant's Motion to Transfer Venue and, Subject Thereto, Original Answer, Verified Denial, and Affirmative Defenses.
[4] See **Exhibit C** ¶ 2.
[5] *Id.* at ¶ 3.
[6] *Id.*; *see also* **Exhibit H.**

business...[7] Accordingly, there is diversity between Plaintiff, a citizen of Texas, and Defendant, a citizen of North Carolina.

## IV. Amount in Controversy

9. This is a personal injury case with over $75,000 in controversy at the time of this removal. Although Plaintiff has failed to plead an amount in controversy or state a permissible range of damages as required by Texas Rule of Civil Procedure 47, Fifth Circuit courts have addressed how to determine the amount in controversy when a claimant fails to specify the amount in her pleadings. In these circumstances, a removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[8] This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount."[9]

10. In the present case, Defendant satisfies its burden under both these standards. First, Plaintiff asserts various categories of past and future damages, as well as exemplary damages for gross negligence.[10] Courts have found the amount-in-controversy burden met when considering similar damages allegations, often looking to common sense considerations of the nature of the case and the types of

---

[7]     28 U.S.C. § 1332.
[8]     *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-1411 (5th Cir. 1995)
[9]     *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[10]    *See* **Exhibit C** ¶¶ 10-11.

damages asserted.[11] Second, Defendant introduces a confidential demand as ***Exhibit G***, as "summary judgment type evidence" that establishes an amount of controversy that greatly exceeds the $75,000 minimum. Specifically, the demand letter alleges medical damages *in excess of $500,000*.[12] The Fifth Circuit and various lower courts have considered similar settlement demands as extrinsic evidence to establish the amount in controversy. Most recently, the Northern District in *Hamilton* considered a demand letter along with damages allegations and held this "this Court is bound to hold that it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000, exclusive of interest and costs."[13] Notably, this Court reached this result even though the damages that it considered from the demand letter were only $10,000 in attorneys' fees.[14] In contrast, Plaintiff's demand figure in the attached letter shows over $500,000 in medical damages, which greatly exceeds $75,000. Defendant has met its burden.

---

[11] *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 870 (N.D. Tex. 2017) ("Thus when Pesole's claims for compensatory damages, punitive damages, and attorney's fees are also taken into account, it is more likely than not that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."); *Wilson v. Hibu Inc.*, Civil Action No. 3:13-CV-2012-L, at *2-3 (N.D. Tex. Oct. 28, 2013) (applying common sense analysis and concluding that it was facially apparent that plaintiff's claims in wrongful termination case for back pay, front pay, compensatory damages, punitive damages, attorney's fees, and expert fees more likely than not exceeded $75,000).
[12] *See* **Exhibit G** at p. 1
[13] *Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020); see also *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (considering pre-complaint letter from plaintiff's attorney to determine amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *3 (S.D. Tex. Oct. 10, 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy.").
[14] *Id.*

## V. Venue

11. Venue currently lies in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in this judicial district and division.

## VI. Notice

12. Defendant will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VII. Exhibits to Notice of Removal

13. In support of this Notice of Removal and pursuant to 28 U.S.C. §1446(a), true and correct copies of the following documents are attached to this Notice as corresponding lettered exhibits:

   A. ***Exhibit A*** – Index of documents filed in Cause No. DC-22-03514; *Virginia Jimenez v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas County, Texas;

   B. ***Exhibit B*** – Docket Sheet for *Virginia Jimenez v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas County, Texas;

   C. ***Exhibit C*** – Plaintiff's Original Petition filed on March 30, 2022, *Virginia Jimenez v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas, County, Texas;

   D. ***Exhibit D*** – Citation issued on April 7, 2022; *Virginia Jimenez v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas County, Texas;

   E. ***Exhibit E*** – Affidavit of Service completed on April 28, 2022, with affidavit and filed May 9, 2022 *Virginia Jimenez v. Lowe's Companies, Inc.*

*d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas County, Texas;

F. ***Exhibit F*** – Defendant's Motion to Transfer Venue and Subject Thereto, Original Answer, Verified Denial and Affirmative Defenses filed on May 20, 2022, *Virginia Jimenez v. Lowe's Companies, Inc. d/b/a Lowe's Home Improvement* in the 95th Judicial District, Dallas County, Texas;

G. ***Exhibit G*** – Confidential Settlement Demand (filed under seal);

H. ***Exhibit H*** – Certificate of Interested Parties;

I. ***Exhibit I*** – Notice of Filing Removal in State Court.

## VIII. Request for Leave to Proceed Without Local Counsel

14. Counsel for Defendant maintains its office in Austin, Texas, in the Western District. Local Rule 83.10 requires local counsel to appear in cases where underlying counsel maintains its office outside of the Northern District, unless leave of court is granted from the presiding judge. Counsel for Defendant represents Defendant throughout the State of Texas and respectfully requests leave from the Court to appear without local counsel.

## IX. Prayer

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. §1446, removes this action from the 95th Judicial District, Dallas County, Texas, to this Court and requests leave to proceed without local counsel.

Respectfully submitted,

By: **/s/ James D. Snyder**
James Snyder
State Bar No. 24088447

james@doyleseelbach.com
Ryan Cantú
State Bar No. 24076853
ryan@doyleseelbach.com
Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT
LOWE'S COMPANIES, INC.*



### CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 27th day of May 2022.

Levi G. McCathern, II
Noah L. McCathern
MCCATHERN SHOKOUHI EVANS & GRINKE, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Telephone
214.741,4717 Fax
lmccathern@mccathernlaw.com
nmccathern@mccathernlaw.com

*ATTORNEYS FOR PLAINTIFF*