EXHIBIT C

1 CIT ESERVE Case 5:22-cv-01165-E   Document 1-3   Filed 05/27/22   Page 1 of 6   PageID 14

3/30/2022 5:38 P
FELICIA PITI
DISTRICT CLEF
DALLAS CO., TEX/
Paula Mountique DEPU

**DC-22-03514**

| | | |
|---|---|---|
| VIRGINIA JIMENEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 95th |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LOWE'S COMPANIES, INC. d/b/a | § | |
| LOWE'S HOME IMPROVEMENT, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Virginia Jimenez ("Plaintiffs" herein), and hereby file this her Original Petition against Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement ("Defendant" or "Lowe's" herein).

In support hereof, Plaintiff would show the Court as follows:

### I.
### DISCOVERY LEVEL

1. This suit is governed by Discovery Control Plan Level III under Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff Virginia Jimenez is an individual who resides in Collin County, Texas.

3. Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement is a corporation and citizen of the state of North Carolina, yet operates nationwide. Defendant's principal office is located at 1000 Lowe's Blvd. Mooresville, North Carolina 28117-8520. Defendant may be served with process in Texas through its registered agent, Corporation Service Company, 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina 27608.

4-29-2022                                    302052068950002                                    5820220429004505

## III.
## JURISDICTION & VENUE

4.   This Court has personal jurisdiction over this Defendant because the Defendant has availed itself of the laws of Texas by operating its business in Texas, in particular throughout Dallas County, Texas. Venue is proper in this Court because the Defendant operates the store in question and subject of this suit in Dallas County, Texas at 19210 Preston Rd., Dallas, Texas 75252, and because all of the events that led to Plaintiff's incident and injuries subject of this suit, occurred at said store.

## IV.
## FACTS

5.   On or about March of 2019, Plaintiff began working as a cashier for Defendant at Defendant's store located at 19210 Preston Rd., in Dallas County, Texas. In roughly June of 2019, Plaintiff's job duties as a traditional cashier changed when she was promoted to head cashier. Said change in job duties included among other things, the need to move heavy items such as propane tanks, mulch bags, tiles and cabinets.

6.   On or about March 30, 2020, several employees who would under normal circumstances assist Plaintiff with the lifting and/or moving of heavier items, called in sick due to COVID-19 concerns, leaving Plaintiff to handle heavier items by herself. Plaintiff, on said date, and while acting within the normal course and scope of her employment for Defendant, was in the process of moving a heavy item when she sustained severe and debilitating injury to her person. More specifically, Plaintiff sustained injury to, but not limited to her right arm.

## V.
## NEGLIGENCE

7.   Defendant is liable to Plaintiff for common law negligence. As the owner and operator of a business, Defendant owed Plaintiff the duty to exercise ordinary care, and a duty to ensure that

the work place is safe for all employees, as well as customers, and to ensure that its' employees are properly trained and equipped properly to carry out their normal, usual, and reasonable job duties.

8. Defendant owed Plaintiff the duty to exercise reasonable care to protect its' employees from dangerous working conditions, such as those which lead to Plaintiff's injurie. In addition, Defendant had or should have had actual and/or constructive knowledge of the unreasonably dangerous condition(s) under which Plaintiff worked in attempting to fulfil her job duties.

9. Defendant failed and/or ignored its' duty to exercise at least a minimal degree of care which would have avoided harm to Plaintiff and others in similar circumstances. Consequently, Defendant's negligent, careless, and reckless conduct was the direct and proximate case of the accident referenced herein, and injuries sustained by Plaintiff. Defendant also committed acts and omissions which constitute negligence and/or gross negligence in one or more of the following ways:

   a. Breach of legal duty to eliminate, reduce, and/or simply warn of any and all dangerous conditions;

   b. Failing to warn Plaintiff of any potential dangerous or hazardous condition:

   c. Failing to act in good faith;

   d. Failing to ensure its' employees were properly trained on safety as it relates to the lifting and/or moving of heavy items;

   e. Failing to provide its' employees with proper safety equipment and/or devices for the lifting and moving of heavy items;

   f. Failing to instruct and/or train its agents, servants, and employees to maintain a hazard free environment;

    g.  Failing to inspect the premises on a regular basis;

    h.  Failing to install safety equipment;

## VI.
## GROSS NEGLIGENCE & EXEMPLARY DAMAGES

10.    Defendant's negligence constituted and extreme disregard of the actual subjective knowledge that its' acts had a high probability and magnitude of risk of injury to others, and thus is liable under Texas Civil Practice and Remedies Code §41.001(11) a-b for exemplary damages.

## VII.
## DAMAGES

11. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries to her person. As a result of Plaintiff's injuries, Plaintiff has also suffered the following damages:

    a.  Physical pain in the past and future;

    b.  Mental anguish in the past and future;

    c.  Medical expenses in the past and future;

    d.  Lost wages in the past and future;

    e.  Loss of earning capacity;

    f.  Physical impairment in the past and future;

    g.  Loss of enjoyment of life in the past and future; and

    h.  Attorneys' fees.

## VII.
## PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon final trial of this matter, Plaintiff take judgment against Defendant for:

**PLAINTIFFS' ORIGINAL PETITION**               **PAGE 4**

a.  Actual damages;

b.  Pre and Post judgment interest as allowed by law;

c.  All costs of suit; and

d.  Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**MCCATHERN SHOKOUHI EVANS & GRINKE, PLLC**

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com
Noah L. McCathern
State Bar No. 24118035
Nmccathern@mccathernlaw.com
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
Telephone:  (214) 741-2662
Facsimile:  (214) 741-4717

4-29-2022                                  302052068950002                                  5820220429004505

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Rivas on behalf of Levi McCathern
Bar No. 00787990
mrivas@mccathernlaw.com
Envelope ID: 63120397
Status as of 4/5/2022 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rowland Jackson | | rjackson@mccathernlaw.com | 3/30/2022 5:36:49 PM | SENT |
| Levi McCathern | | lmccathern@mccathernlaw.com | 3/30/2022 5:36:49 PM | SENT |
| McCathern Receptionist | | receptionist@mccathernlaw.com | 3/30/2022 5:36:49 PM | SENT |
| Monica Rivas | | mrivas@mccathernlaw.com | 3/30/2022 5:36:49 PM | SENT |